ELIZA G. TUERS et al., Respondents, *v.* SYLVESTER P. TUERS, Appellant.

The complaint in this action alleged, in substance, that plaintiffs, being possessed of an undivided interest in certain real estate in the city of

New York, appointed defendant as their agent to collect the rents thereof, he agreeing to pay all taxes and water rents charged on the premises out of the rents collected; that he collected the rents, retained the amount of certain taxes and water rents, but did not pay the same, and wrongfully appropriated to his own use the sums so retained. It appeared on the trial that the parties were tenants in common of the real estate; that plaintiffs jointly constituted defendant their agent for the purpose and under the agreement stated in the complaint; that he retained sufficient moneys to pay plaintiffs' share of the taxes and water rents, but did not pay the same, or his own share, falsely representing that he had done so. Defendant's counsel claimed that there were two causes of action set forth — one on contract, the other in tort — and asked the court to compel plaintiffs to elect upon which they would stand, which was refused. *Held* no error; that the cause of action was upon and for a breach of the contract, and the conversion alleged a mere element or detail ; also, that plaintiffs' interest to be protected extended to the entire payment of the taxes and water rents, not merely to their proportion thereof.

It appeared that high rates of interest were chargeable upon taxes unpaid. Also that, in consequence of the non-payment, the holder of a mortgage upon the premises had begun a foreclosure. *Held*, that plaintiffs' right to recover was not limited to their share of the rents, etc., so misappropriated, with interest, but they were entitled to recover all such damages as flowed naturally and proximately from the breach.

Defendant in no manner raised, upon the trial, the question as to the amount of damages. *Held*, that it was too late to raise it on appeal.

Plaintiff H. claimed to be entitled to one-fourth of the rents as tenant by the curtesy; his daughter, the plaintiff B., defendant claimed was improperly joined as plaintiff. *Held* untenable ; as it appeared that defendant's contract was with all the plaintiffs jointly, and as B. had an interest in securing the payment of the taxes and water rents by reason of her ownership in remainder.

(Argued June 25, 1885 ; decided October 13, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 1, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

The complaint in this action alleges, in substance, that plaintiffs are possessed of an undivided interest in certain real estate situate in the city of New York; that they appointed defendant as their agent to collect the rents thereof, agreeing to pay him five per cent on the amount collected for his

services; that he agreed to pay the taxes and water rents charged upon the premises, out of the receipts for rent; that he collected, under the agreement, the rents for the years 1875 to 1878, inclusive; that he neglected to pay the taxes and water rents for those years, although he retained out of the rents collected the sums required to pay the same, and that he " has wrongfully converted to his own use each and every of said sums," and refuses to pay over the same.

Judgment was asked for the amount of the taxes and water rents so unpaid, the items of which were stated, with interest.

The facts appearing on the trial are substantially set forth in the opinion.

*Charles N. Judson* for appellant. No action can be maintained against defendant except one, " of account for money had and received" under the statute. (1 R. S. 750, § 9; Code, § 1666.) The remedy must be pursued by each one separately for his or her share. (1 R. S. 750; Code, § 166; *Hall* v. *Fisher,* 20 Barb. 446.) If, as the plaintiffs allege, the defendant is their agent and has in his hands the proceeds of collections, from which, after deducting commissions, etc., there is a balance due them, their remedy is an action for an accounting. (2 Van Santv. Eq. Pr. 160–164; Pars. on Cont. [4th ed.] 140; *Trustees, etc.* v. *Stewart,* 27 Barb. 553; *McMahon* v. *Rauhr,* 47 N. Y. 67; *Bailey* v. *Bancker,* 3 Hill, 188.) The allegation that defendant has neglected to pay the taxes and water rates out of the rent collected and that he has retained that amount and has wrongfully converted and appropriated it to his own use does not change the fact as alleged, that he simply failed to perform his alleged contract. It does not make it an action of tort. (*Conaughty* v. *Nichols,* 42 N. Y. 83; *Austin* v. *Rawdon,* 44 id. 63.) If by the delay the plaintiffs are or are not liable to be prejudiced, they may file a bill to compel defendant to make such an application of the money or to discharge the lien of the taxes. (*Campbell* v. *Macomb,* 4 Johns. Ch. 538; *Hall* v. *Omaha Nat. Bk.,* 47 How. 202; *Frazer* v.

*Western*, 1 Barb. Ch. 222.) The judgment is erroneous for the reason that Brittania Wakeman was made a party plaintiff and allowed to recover, notwithstanding she was not entitled to any portion of the rents, Herman Wakeman, her father, being entitled as tenant, by the courtesy, to the share of her mother. (*Leach* v. *Leach*, 21 Hun, 381; *Ransom* v. *Nichols*, 22 N. Y. 110; *Hatfield* v. *Sneden*, 54 id. 280; Code, §§ 488, 498.) There can be no recovery in this action, as no amendment can be granted changing the cause of action or changing the action from law to equity. (*Short* v. *Barry*, 3 Lans. 143, 147; *Arnold* v. *Angell*, 62 N. Y. 508; *Bradley* v. *Aldrich*, 40 id. 504; *Craig* v. *Hyde*, 24 How. 313; *Mann* v. *Fairchild*, 2 Keyes, 106; *Towle* v. *Jones*, 19 Abb. 449.)

*Carlisle Norwood, Jr.*, for respondents. Defendant by asking the court to direct a verdict in his favor conceded that there could be no dispute upon any question of fact. (*Leggett* v. *Hyde*, 58 N. Y. 275.) A recovery may be had by tenants in common against one who had been duly constituted their bailiff. (Laws of 1880, chap. 244, p. 367, § 102; 3 R. S. [7th ed.] 2205, § 4, note; Code of Civ. Pro., § 1666; *Henderson* v. *Eason*, 9 Eng. L. & Eq. Rep. 337; *Woolever* v. *Knap*, 18 Barb. 265; *Coke* upon Littleton [2 Butler & Har. notes, Ch. 323], 199*b*, 200*b*; *Wheeler* v. *Horne*, Willis, 208; *Joslyn* v. *Joslyn*, 9 Hun, 388; *Dresser* v. *Dresser*, 40 Barb. 300; Wash. Real Prop. [1st ed.] 420; [3d ed.] 570.) If there was any misjoinder of parties plaintiff it appeared on the face of the complaint and might have been a ground of demurrer. (Code of Civ. Pro., § 488, subd. 5.) Not having taken the objection by demurrer, the defendant waived it. (Code, § 499; *Patchen* v. *Peck*, 38 N. Y. 39.) There was no misjoinder of claims or causes of action. (Code of Civ. Pro., § 488, subd. 7; id., § 499.)

FINCH, J. There is but one cause of action stated in this complaint, and so the exception grounded upon the idea that there were two — one upon contract and the other for a tort — and, therefore, the plaintiffs should have been compelled to

elect upon which they would stand, is not well taken. That one cause of action was not merely for the conversion of plaintiffs' money, but for something more than that, of which the conversion was only an element or detail. The complaint, in connection with the proof under it, showed that the plaintiffs and defendant were tenants in common of certain real estate, the revenue from which came in the form of rents, and to three-quarters of which the plaintiffs were annually entitled; that the property was subject to accruing charges for taxes and water rents, payable to the city of New York, within whose corporate boundaries it was situated; that the plaintiffs jointly constituted the defendant their agent to collect and receive the rents accruing which belonged to them and pay over the share to which they were entitled; that he further agreed, as such agent, and in virtue of his own interest in the rents, to pay out of them all the annual taxes and water rents and so protect the property from sale; that for these services he was to receive a commission at first of three per cent and afterward of five, which was regularly allowed and paid to him; that, notwithstanding, he willfully neglected and refused to perform the stipulated duty, in that he did not pay the taxes and water rents, but, falsely representing that he had done so, converted to his own use the money of the plaintiffs set apart for that purpose and agreed to be so appropriated, and neglected and refused to apply his own proportion of such rents to the discharge of his share of such incumbrances. The cause of action thus pleaded and proved rested upon a contract relation taking the place of the tenancy in common and superseding the ordinary rights and duties flowing from that relation; and the gist of the action is for a breach of that contract and to recover damages for such breach; of which damages the conversion and misappropriation of the fund set apart for taxes and water rents was both the occasion and the evidence. The appellant so contends and we shall certainly do him no injustice if we thus accept his view of the cause of action as founded, not upon the mere conversion of the plaintiffs' money, but upon a breach of the defendant's duty under his express con-

tract. Such a contract was lawful and valid. The plaintiffs' interest to be protected extended to the entire payment of the whole taxes and water rents and not merely to such proportion as was equitably their debt, since the land was bound for the complete payment and their property could be taken for any unpaid portion. By their agreement, as the action of the defendant for many years indicated, he was to hold so much of the gross rents as was needed for the annual charges, as a fund for their payment, and pay over plaintiffs' share of the remainder. His agreement bound him to appropriate his own proportion of the fund reserved to the discharge of the taxes quite as much as the plaintiffs' proportion, and when he failed to do so he inflicted a double injury; for he not only converted and misappropriated the plaintiffs' money confided to him for a special purpose, but he left the taxes and water rents entirely unpaid and accumulating at high rates of interest until the property was advertised for sale and the foreclosure of an outstanding mortgage begun by reason of the default; and he did this deceitfully and fraudulently, falsely lulling his employers into security. There was thus established a valid contract, upon a good and sufficient consideration fully and regularly paid, and a breach of that contract.

The remaining question is one of damages. The plaintiffs were entitled to recover all such as flowed naturally and proximately from the breach, and were not limited to the bare amount of their share of the rents misappropriated, with the lawful interest upon it. Such a recovery would not recompense their loss, or restore them to the condition which would have resulted from performance. Two other sources of injury remain. The defendant's neglect has caused the taxes and water rents to accumulate interest at a special rate greater than that ordinarily allowed by law; and the plaintiffs' interest in the lands is exposed to a liability for the whole amount of the unpaid taxes and to the costs and peril of a foreclosure. They were thus clearly entitled to recover more than their misappropriated share and interest. How much more it is not necessary in this case to consider, for no exception exposes to

our review the amount of damages, or the principles upon which that amount was determined. At the close of the case there was a request by the defendant that the court should direct a verdict in his favor, which was refused and he excepted, and then the court directed the jury to render a verdict for the plaintiffs for $2,948.48, to which direction the defendant again excepted. Neither party requested the submission of any question of fact to the jury, and the defendant in no manner raised the question of the amount of damages for which he was liable. That question was for the first time suggested on appeal. It came too late. We may infer from the exact correspondence of the amount of the verdict ordered with the result of the plaintiff's computation put in evidence, that the court awarded as damages the full amount of unpaid taxes and water rents with seven per cent interest, upon the ground that, by the misconduct of defendant, their land was left liable for that amount ; but if so, the correctness of that view was in no manner challenged, and seems to have been adopted with the tacit acquiescence of both parties on the trial. The attention of the court was in no respect drawn to the question, and no ruling was sought upon it. The final exception was general and to the right of the plaintiffs to have a verdict at all, and wholly failed to raise the specific question of its correct amount. While, therefore, it may well be that a grave question of damages might have been presented, it is not here and requires no ultimate determination.

The appellant claims that there was a defect of parties plaintiff ; that plaintiff Brittania Wakeman had no interest, her father, the plaintiff Herman Wakeman, being entitled to the one-fourth as tenant by the curtesy. The court must have found, and might have done so from the proof, that the contract was made with all the plaintiffs jointly, and that Brittania had an interest in securing the payment of taxes and water rents by reason of her ownership in remainder, and so was a proper party plaintiff.

We find no error in the record, and the judgment should be affirmed, with costs.

RAPALLO, EARL and DANFORTH, JJ., concur; RUGER, Ch. J., dissents; ANDREWS and MILLER, JJ., not voting.

Judgment affirmed.