BENJAMIN MOORE, Trustee, etc., Respondent, v. FRANCIS HIGGINS, Receiver, etc., Appellants.

*Supreme Court, First Department, General Term, May 24, 1889.*

1. *Receiver. Rent.*—A receiver of a lessee is not liable for any rent or taxes which had accrued prior to his appointment, but is chargeable with all that have fallen due subsequent to his acceptance of the lease and premises.

2. *Appeal. Objection.*—Though taxes accruing prior to the appointment of the receiver were improperly included in the judgment, the question cannot be considered upon the appeal, where no objection or exception to, or ruling on, this point, has been taken.

3. *Same. What considered.*—Where an appeal is brought from the judgment alone, the court can consider only the questions as to whether there have been errors in the rulings of the court to which proper exceptions were taken.

4. *Trial. Charge.*—Where the requests to charge are improper and incorrect, the court may properly refuse to give the direction sought.

The defendant's testator, prior to his decease, received a lease from the plaintiff of certain lands in the city of New York for a term of twenty-one years. The defendant was sued as the receiver of the lessee.

Appeal from a judgment entered on verdict directed by the court.

*Samuel Jones*, for appellant.

*C. Souther*, for respondent.

VAN BRUNT, P. J.—It is not necessary to discuss at large the facts of the case at bar, or the right of the plaintiff to recover, this right having been heretofore adjudicated upon by the general term. 33 Hun, 667.

The only question to be considered is as to the amount of the recovery, and whether any exceptions have been taken

which raise any question under which the amount may be reduced.

It seems to be clear that the receiver would not be liable for any rent or taxes which had accrued prior to his appointment. It is claimed upon the part of the appellant that he never accepted the lease or the premises until May, 1879.

The allegations of the complaint and the admissions of the answer negative this proposition, in that it is alleged in the complaint that the receiver paid to the plaintiff the rent of the premises to and including September 1st, 1878, thus showing that the receiver had certainly, prior to September, 1878, accepted the lease and the premises, and he is certainly chargeable with the rent and taxes which fell due subsequent to that date, and in view of the general nature of the allegations, and the general nature of the admissions, it would seem that the receiver had, from the time of his appointment, paid the rent which fell due up to the 1st of September, 1878.

There is no claim that the rent was paid by anybody else, and the allegation in the complaint is that he had paid the rent of the premises to and including September 1st, 1878, which is admitted.

The only questions in the case arise upon the requests made to the court to direct a verdict. The first request was that the court direct a verdict for the defendant, which was denied, and defendant excepted. This exception is clearly unavailing.

The defendant's counsel then requested the court to direct that no rent or taxes could be recovered which accrued prior to May 1, 1879, which being denied, an exception was taken. And upon another motion made, the defendant's counsel requested the court to direct that a verdict could not be recovered, except for rent accruing subsequent to March 1, 1879, which motion was denied, and to these several requests exceptions were taken.

It seems to be reasonably clear that these exceptions raise no questions which will justify the granting of a new trial because it appears, as already stated from the admissions contained in the pleadings, that certainly as early as September, 1878, the receiver claimed the title to this lease, and that he paid the rent thereof, and having thus assumed the ownership of the lease, he became liable for the rent and taxes of the premises.

All the requests refer to the acquiring of title to the lease at a subsequent date, namely, as late as March 1, 1879. If the admissions in the pleadings, and the necessary results arising therefrom, are such as we think they are, these requests were improper and incorrect, in that they precluded the consideration of any rent between the 1st of March, 1879, and the 1st September, 1878, and the learned court was therefore correct in refusing to give the direction asked for.

In view of the fact that the appeal is from the judgment alone, the court can consider only the question as to whether there have been errors in the rulings of the court to which proper exceptions were taken.

Although the judgment seems to be for more than the evidence justified, in that taxes were included in the amount which had accrued prior to the appointment of the receiver, yet there having been no objection taken to this point, and the attention of the court not being called to the fact, and no proper exceptions having been taken to the ruling of the court, it cannot be considered upon this appeal.

The judgment should be affirmed, with costs.

CULLEN, J., concurs.