JAMES N. WELLS, as Trustee, etc., Respondent, *v.* FRANCIS HIGGINS, as Receiver, etc., Appellant.

Where a charge is correct in part, a general exception thereto without any qualification is not sustainable.

The executors and trustees appointed under and by the will of McC. were, in an action brought for that purpose, removed and a receiver appointed of the rents and profits of the real estate, " freehold and leasehold," and of the personal property, to whom the tenants were directed to attorn, and who was authorized to lease the lands and tenements, etc., pay taxes, assessments and other lawful charges thereon. Subsequently the receiver was removed and defendant appointed receiver in his stead, with the same powers and duties. At the time of the death of McC. he was lessee of certain premises in New York city for a term of years, at an annual rental, payable semi-annually, on the first days of February and September to others. In summary proceedings brought in November, 1879, to remove defendant as tenant and F. as under-tenant for non-payment of rents, they appeared by attorney and by consent a judgment of dispossession was entered against them. In an action to recover rent accruing under the lease after the judgment above mentioned, defendant admitted that he paid to plaintiff the amount of the rent to September 1, 1878, and that in May, 1879, he leased them to F. *Held,* that from the admissions in the answer it was to be inferred that defendant went into possession at the time he qualified as receiver, and that he paid rent from that time up to the date specified; that it was immaterial as to whether defendant was appointed receiver of the real estate or simply of the rents and profits, as he was appointed receiver of the personalty and the lease went to him as such (1 R. S. 722, § 5; 2 R. S. 82, § 6), and, therefore, that he was liable for the rent accruing up to September 1, 1879.

By the lease, McC. covenanted to pay the Croton water rent and all taxes and assessments on the demised premises. Upon the trial, plaintiff introduced in evidence tax bills, including water rents for the years 1876, 1877, 1878 and 1879; these were objected to as immaterial. Defendant's counsel asked the court to direct the jury to limit the verdict to the

taxes for 1879; this was denied and said counsel excepted. The court directed a verdict for all the taxes to which said counsel excepted generally. *Held,* that the exceptions were too broad to present the question as to defendant's liability for taxes which accrued prior to his appointment as receiver; and that the objection and motion as made were properly overruled.

(Argued March 17, 1892; decided April 26, 1892.) .

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 24, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This was an action by a lessor against the receiver of the estate of a deceased lessee to recover the rent reserved and certain taxes, which, by the terms of the lease, were to be paid by the tenant.

By a lease dated February 15, 1871, the trustee of one Clement Moore demised to John H. McCunn certain lands in the city of New York for the term of twenty-one years, reserving an annual rent of $250, payable in semi-annual payments on the first days of March and September. The lessee covenanted to pay the charges for Croton water and all taxes, assessments and duties imposed during the term by federal, state or municipal authority.

March 28, 1876, in an action brought to construe the will of said McCunn and to remove the executors and trustees nominated therein, one O'Donohue was appointed receiver of the rents and profits of the real estate, freehold and leasehold and of the personal property of said testator. The tenants were directed to attorn to said receiver and the executors to deliver to him all the estate, real, personal and mixed, lately belonging to said McCunn. The receiver was authorized to lease the lands and tenements, " whereof he is hereby appointed receiver," and to pay the taxes, assessments and other lawful charges to which the premises should, from time to time, be subject.

January 19, 1877, by an order made in said action and in another brought to declare void the devise of the real estate

of said McCunn and to partition the same, said O'Donohue was removed at his own request and the defendant was appointed receiver in his place and stead " to receive the rents and profits of the estate, freehold and leasehold  *  *  * and to collect and get in the outstanding personal estate " of said McCunn, with directions to tenants to attorn, etc. The order further provided that the defendant, as such receiver, should " have and possess the same powers and be subject to the same duties and obligations " as were conferred or devolved upon his predecessor. The defendant, by his answer, denied that he became invested by said appointment with the title to the " real or leasehold estate," but he admitted that in May, 1879, he leased the premises in question to one Federlein, and also that he had " paid to the plaintiff the amount of the rent of the said premises to and including September 1, 1878."

No rent was paid after the date last named and on the 7th of November, 1879, summary proceedings were instituted to remove the defendant, as tenant, and said Federlein, as under-tenant, from the possession of the premises, based on an affi-davit alleging, and a summons reciting, that the defendant entered into possession and sublet, and that the defendant, as tenant, and said Federlein, as under-tenant, had made default in the payment of the rent and, as such, held over and con-tinued in possession. No answering affidavit was filed, but on the 12th of November, 1879, as the record of the District Court shows, the tenant and under-tenant appeared by separate attorneys and, by consent, judgment of dispossession was duly rendered "in favor of said landlord," and against the " said tenant and all other persons." A warrant was issued on the nineteenth and returned the same day by the marshal, with a certificate that he had put the landlord in full possession of the premises in question.

*Samuel Jones* for appellant. There is no privity of con-tract between the defendant and plaintiff. Unless, then, there is privity of estate, or some ground of estoppel, the plaintiff cannot recover. There can be no privity unless the

title to the demised term passed to and was vested in the defendant. (*Journeay* v. *Brackley*, 1 Hilt. 451, 452; *Welsh* v. *Schuyler*, 6 Daly, 412–414; *Foster* v. *Townsend*, 2 Abb. [N. C.] 29–44; 68 N. Y. 203–206; *City of Brooklyn* v. *Jourdan*, 7 Abb. [N. C.] 23–27; *Fincke* v. *Funke*, 25 Hun, 616–618; *Morse* v. *Morse*, 85 N. Y. 53; *Tucker* v. *Tucker*, 5 id. 409.) Defendant is not estopped by the summary proceedings from denying that he is plaintiff's tenant. (*People* v. *Johnson*, 38 N. Y. 63; *Woodruff* v. *Jewett*, 115 id. 267; *W. U. T. Co.* v. *Jewett*, Id. 166; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 id. 340; *People* v. *N. T. Co.*, 82 id. 283.)

*Charles Edward Souther* for respondent.

VANN, J. The defendant contends that he is not liable in this action because there was privity neither of contract nor estate between himself and the plaintiff. There was no privity of contract, but we think that the facts appearing in the foregoing statement conclusively show that the defendant was in possession of the premises in question and, presumptively, that he was in possession from March 3, 1877, when his bond as receiver was filed. If he did not then take possession, it was incumbent on him to show it. He admitted that he was appointed receiver February 28, 1877, that he subsequently qualified and that he paid " the amount of the rent  * * * to and including September 1, 1878." This admission fairly involves the proposition that he paid the rent that fell due according to the terms of the lease from the time that he became receiver until the date named. Whether the defendant was appointed receiver of the real estate of which the testator died seized, or simply of the rents and profits thereof, is not here important, because he was appointed receiver of the personal estate and, according to the Revised Statutes, leases for years " go to the executors and administrators to be applied and distributed as part of the personal estate of the testator or intestate," and are required to be " included in the inventory thereof." (4 R. S. [8th ed.] p. 2556; *Pugsley* v. *Aikin*, 11 N. Y. 494.)

We think that the title to the demised term passed to and was vested in the defendant as receiver, and that he is, therefore, liable for the rent accruing from September 1, 1878, to and including September 1, 1879. ( *Woodruff* v. *Erie R. Co.*, 93 N. Y. 609 ; *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 id. 197.)

Upon the trial a tax bill was received in evidence for the taxes of 1876, 1877 and 1878, confirmed, respectively, September 14, 1876, October 9, 1877, and October 11, 1878. It also included the Croton water rent for 1876 and 1877, and was receipted by the proper officer as having been paid January 30, 1880. Another tax bill, which included the taxes of 1879, confirmed October seventeenth of that year and the Croton water charges for 1878, was also read in evidence. Both were objected to as irrelevant and immaterial, but neither as incompetent. Upon the close of the evidence, the counsel for defendant, after his motion to dismiss the complaint had been denied, asked the court to direct the jury that their verdict must be limited to the rent from May 1, 1879, to November 1, 1879, and to the taxes of 1879, with lawful interest upon each. This motion was denied, and thereupon the court was asked to limit the verdict to the rent from March 1, 1879, to November 19, 1879, and to the taxes for 1879, besides interest. The court denied this motion also, and directed a verdict for the plaintiff "for the sum of $858.57, being for taxes, $395.49 ; interest thereon, $123.55, together $519.04 ; and for rent, $250 ; interest thereon, $89.53 ; together, $339.53, to which direction counsel for the defendant duly excepted."

While we are asked to review none of these rulings, we have considered them in order to determine whether the defendant should be relieved from the payment of the taxes that accrued prior to his appointment as receiver. The objection to the tax bills was not to the competency of the evidence, but to its materiality, and, as all of one was material and a part of the other, the objection, as made, was properly overruled. If the defendant wished to exclude the taxes that became due before he was appointed receiver, his objection should have been more specific and addressed to that part of the first bill that embraced

those items. The same criticism applies to the motions to limit the verdict, as neither time did he include all the rent that fell due, or the taxes that became payable, while he held the title to the lease and was in possession of the premises. The limitation applied for was too sweeping, and the application was properly denied for that reason.

The exception to the direction for a verdict was general and, if we have reasoned correctly thus far, was too broad, as it did not bring before the mind of the trial judge or of the opposing counsel the point that the amount included for taxes was too large, because it embraced items accruing prior to March 3, 1877. If the exception had been to so much of the direction as covered the old taxes, the point could have been understood and an opportunity would have been afforded for correction, if the court so desired, or the opposing counsel wished to consent to a modification. (*Sterrett* v. *Third Nat. Bank*, 122 N. Y. 659, 662.)

Where a portion of a charge excepted to is correct in part and no qualification is suggested, a general exception cannot be sustained. (*Adams* v. *Irving Nat. Bank*, 116 N. Y. 606 ; *Smedis* v. *B. & R. B. R. R. Co.*, 88 id. 13 ; *Donovan* v. *Vandemark*, 88 id. 668.)

So, as we think, after counsel have tried to limit a verdict about to be directed by insisting that it should be confined to rents accruing from March 1, 1879, and taxes for that year, when the plaintiff is entitled to recover rent from September 1, 1878, and taxes for 1878 and 1879, and the court, in directing a verdict, includes the taxes for 1876 and 1877, a general exception does not enable this court to decide that the taxes last named should not have been included. (*Tuers* v. *Tuers*, 100 N. Y. 196.)

It is unnecessary, therefore, for us to decide whether the defendant is liable as the successor of O'Donohue upon the theory that the receivership was continuous.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.