### GERDING v. HASKIN et al.

(Superior Court of New York City, General Term. January 3, 1893.)

1. BROKERS—COMMISSIONS—FINANCIAL ABILITY OF PURCHASER.
     In an action to recover brokerage for procuring a purchaser for property, the ability of the proposed purchaser to perform will be presumed, in the absence of any evidence to the contrary.

2. SAME—INSTRUCTIONS.
     In such case, it was proper to refuse defendants' request to charge that "if the jury accepted the defendant Tappen's testimony, that no commission should be paid until the deed actually passed, no verdict could be rendered for the plaintiff," since the request was so framed that it would prevent the jury from determining what facts were established by the witness' evidence, and also because the judge had already instructed the jury that, though a broker is entitled to the usual commissions when he brings a purchaser able and willing to take the property, yet this may be varied by express agreement.

Appeal from jury term.

Action by Benjamin F. Gerding against John B. Haskin and Abraham B. Tappen to recover brokerage. From a judgment for plaintiff, entered on a verdict, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

Abel Crook, for appellants.

C. Bainbridge Smith and J. Tracey Langan, for respondent.

McADAM, J. The action is to recover brokerage for procuring a purchaser for property of the defendants, owned as tenants in common, and known as the "Ryer Farm" at East Tremont, N. Y. The plaintiff alleged and proved (1) his employment to sell for $110,000; (2) that he found purchasers willing to buy on the owners' terms; and (3) that the defendants ultimately refused to consummate the sale. The jury found for the plaintiff, and awarded him the usual brokerage, of 1 per cent. The conditions upon which brokerage is earned are not disputed, and the law in regard thereto is too well settled to require reiteration. It is sufficient to say, without recapitulating it, that the evidence sustains the finding of the jury,—a circumstance which requires us to consider with care the specific objections urged against the recovery.

1. It is claimed that one tenant in common cannot bind his cotenant to sell property, or perform any duties in respect thereto. Van Doren v. Balty, 11 Hun, 241; Bowman v. Travis, 54 N. Y. 640; McLean v. McLean, 96 N. Y. 655; Tuers v. Tuers, 100 N. Y. 200, 2 N. E. Rep. 922. The answer to this is that the evidence sufficiently shows a joint employment by both defendants.

2. That the proposed purchaser must be able, as well as willing, to perform. Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. Rep. 790. This is true, but ability to perform is presumed, in the absence of evi-

dence to the contrary, and there was no proof of inability here.    Hart v. Hoffman, 44 How. Pr. 168.

3. The defendants rely upon two exceptions,—one, to the refusal to dismiss the complaint, which is without merit, because the case, on the conflicting evidence, presented questions which the jury alone could lawfully determine.    The other is to the refusal of the trial judge to charge that "if the jury accepted the defendant Tappen's testimony, that no commission should be paid until the deed actually passed, no verdict could be rendered for the plaintiff."    The trial judge had already instructed the jury that, although a broker becomes entitled to the usual commissions when he brings a purchaser to the owner, who is able and willing to take the property, "this may be varied by express agreement." This was stating the law as clearly as the defendants were entitled to have it put.    The defendants framed their requests in a form which could not be charged; for as the court of appeals said in Dolan v. Canal Co., 71 N. Y. 285, "it is not proper to refer to the testimony of a witness, and ask the court to charge that, if the jury believe the witness, they must find in a certain way, or that a certain conclusion follows," as it prevents the jury from determining what facts are established by the witness' evidence.    See, also, McGrath v. Insurance Co., 6 N. Y. St. Rep. 376.

This disposes of all there is to this case; and, as no error was committed to the prejudice of the defendants, it follows that the judgment and order appealed from must be affirmed, with costs.