ADELE W. LEACH, Respondent, *v.* GEORGE PUTNAM SMITH, Appellant.

*Promise by a vendee to apply a part of the purchase price of stock in the payment or compromise of an attachment levied thereon, and to pay the balance to the vendor — when a complaint for the recovery of such balance is upon contract, and not in conversion — unnecessary allegations of conversion.*

A complaint in an action alleged that, upon a sale by the plaintiff to the defendant of certain stock, part of which had been attached in an action against the plaintiff, the defendant retained a portion of the purchase price under an agreement on his part to repay to the plaintiff that sum, less the amount of any judgment in the attachment suit or any sum paid, with her consent, to settle it; that the defendant subsequently settled with the attaching creditors for an amount less than the sum withheld, and had refused, upon demand made, to pay the balance to the plaintiff.

*Held,* that the action was one purely upon contract;

That a further allegation of the complaint to the effect that the defendant had fraudulently converted and appropriated the balance in question to his own use, was unnecessary to the cause of action, and did not operate to change it to one for conversion;

That the complaint did not allege a promise by the defendant to devote any particular sum of money to the purpose stated, but merely alleged that the defendant was the plaintiff's debtor for the amount which he had not expended for that purpose.

APPEAL by the defendant, George Putnam Smith, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of July, 1897, upon the report of a referee.

*Chauncey S. Truax*, for the appellant.

*William P. Lippmann*, for the respondent.

RUMSEY, J.:

This case is one which presents but little difficulty. The facts are hardly disputed. It appears that in 1895 the defendant had agreed to buy from the plaintiff 141 shares of stock in the Bradstreet Company, and to pay for them about $50,000. Upon 100 shares of this stock an attachment had been levied in the State of Connecticut, in an action against the plaintiff. The defendant wished to pay for the stock and receive the certificates, and the plaintiff was anxious that he should do so, but before the certificates could be transferred it was necessary that the lien of the attachment should be removed. To that end the defendant on the 7th of June, 1895, gave to the plaintiff a paper certifying that he had withheld from the purchase price of the stock $7,000 as a substitute for the lien of the attachment in the suit against her, and that sum, less the amount of any judgment in that suit or any sum paid with her consent to settle it, he agreed to pay back to her. The defendant procured the consent of the attaching creditors to remove the lien of the attachment upon condition that he would retain this sum of money for their protection, and thereupon the certificates of the stock were delivered to him, and he paid over the remainder of the purchase price to the plaintiff. Afterwards the claim of the attaching creditors was settled for $3,250, and the plaintiff demanded of the defendant that he should pay her the remainder of the price retained, which the defendant refused to do for reasons which it is not necessary to state here, but which it is sufficient to say were of no importance whatever as a protection to him in his refusal to pay.

Thereupon this action was brought in which, as might have been expected, the defendant was beaten, and after entry of judgment against him he brought this appeal.

The defendant claims that the sole effect of the withholding of the $7,000 pursuant to the agreement of June 7, 1895, was to give him the authority to pay over to the attaching creditor so much of that money as might be necessary to satisfy his claim and leave him the debtor of Mrs. Leach for the remainder, and that no trust was created in her behalf by his withholding the money, nor did it constitute the setting aside of a specific fund in such a way that, upon a failure to pay it over, he would be responsible for the conversion of it. And he insists that this action is purely for conversion and, therefore, it cannot be maintained. It is not necessary to dispute the correctness of the first proposition of the defendant, because the action is not brought for the conversion of this sum of money. The complaint sets up the transaction; alleges the settlement with the attaching creditors, the amount paid to them, and that after the payment of that amount there remained in the hands of the defendant to pay to the plaintiff the sum of $4,000. It alleges a demand of that sum of the defendant and his refusal to pay it. This constitutes a perfect cause of action upon contract for the failure of the defendant to comply with the terms of the agreement of June 7, 1895. But he complains because, with the statement that the defendant has utterly failed and refused, and still fails and refuses to pay over to the plaintiff the said sum, or any part thereof, she alleges that he has fraudulently converted and appropriated the sum to his own use. This allegation was entirely unnecessary to the setting out of a cause of action upon contract, it is true, but it does not follow that, because a complaint upon contract contains unnecessary allegations, that such force will be given to them as to change the nature of the cause of action. (*Tuers* v. *Tuers*, 100 N. Y. 196.) It is quite clear from a reading of the whole complaint that the theory of it was that the defendant became the debtor of the plaintiff for so much money after the payment of the sum which was to be used to settle the claim of the attaching creditors. The only inference that can be made from the complaint is that the defendant was her debtor for that sum. There is no fair inference that any particular money was left with the defendant, and that he was to

use that identical money for the purpose for which it was left with him, and return the remainder of the money. The fair construction of it is that he retained so much out of the price with a promise to use it in a particular way ; that he was not called upon to devote any particular money to that purpose, but that after retaining it he was still the debtor of the plaintiff, but could satisfy her by the payment of the claim of the attaching creditors and paying to her the difference. There was no such relation between them as called upon him to preserve the identical money and to use that for the purpose for which the same was intrusted to him. While he did assume towards the attaching creditors the relation which, as far as they were concerned, called upon him to devote a portion of this money to the payment of their debt, yet the relation of debtor and creditor, which existed between himself and the plaintiff when he entered into the contract to purchase the stock, was not changed by the contract of the seventh of June, which permitted him to retain in his own hands a portion of the purchase price to be paid over in a particular way. The action was, therefore, not brought for the conversion of this money, but was solely an action upon contract.

It does not seem necessary to consider any other questions raised by the defendant. The judgment was clearly sustained by the evidence and should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.