(26 Misc. Rep. 9.)

## MOORE v. CHASE

(Supreme Court, Appellate Term.　January 23, 1899.)

1. LEASE—ACCEPTANCE—EFFECT—RENT.
　　Where a lessee accepts a lease, he becomes liable for the rent, though he does not enter into possession.

2. SAME—EVIDENCE OF ACCEPTANCE.
　　The assignee of a lease paid taxes and rent on the property, and received from the lessor a release from forfeiture for nonpayment of rent.

executed in accordance with a judgment in an action by him against the lessor. *Held*, that it was an acceptance of the lease.

3. ABATEMENT—ANOTHER ACTION PENDING—EQUITY.
    The right of a payee of a note to recover judgment for rent under a mining lease assigned to secure the note is not affected by the fact ,that, in a pending suit by the lessee, there might be a direction for payment of rent which accrued before the rent now sued for, in excess of the amount of the note. which would thus be satisfied, where such suit is an equitable one, in which the court may enter such judgment as justice requires.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Frank Moore against William D. Chase. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Walter S. Logan and Charles M. Demond, for appellant.
Albert T. Patrick, for respondent.

GIEGERICH, J. This action was brought for the recovery of $125, being one month's rent, in lieu of royalty, claimed to be due under a demise of certain phosphate lands situate in the county of Polk, state of Florida, and made on the 26th day of November, 1892, by Judson H. Tatum to Richard H. Foote, for a term of 20 years. The lease contains a certain covenant by the lessee to erect upon the property a mining driving plant, with a daily capacity of not less than 100 tons, and upon its completion to pay the lessor a monthly rental of $125, which sum, however, was to be credited upon the payment bimonthly of an agreed royalty of 50 cents per ton upon the output. The pleadings were oral, and the answer a general denial. No interest is now held in the demised premises by any of the original parties to the same, the Knickerbocker Phosphate Company having, by mesne conveyances, become the owner in fee, and the defendant having, by assignment, in like process, succeeded to the rights of the lessee. On January 10, 1895, the Knickerbocker Phosphate Company made its promissory note to one William H. Moore, one of plaintiff's predecessors in interest, for the sum of $5,000, and to secure the payment thereof, with lawful interest, executed an assignment of all royalties due, or to become due, under the lease, which note, together with the accompanying assignment, was subsequently transferred by said Moore to one Albert T. Patrick, and thence by him to the present plaintiff. The defendant heretofore brought an action in the supreme court, Kings county, against the said Knickerbocker Phosphate Company and another, for the purpose of determining certain questions, among which were (1) the rights of those interested in the demised property, (2) the amount of rent due, (3) to whom such rent should be paid, and (4) relief from forfeiture of the lease for nonpayment of royalties; and, in the course of litigation, it was discovered that the plaintiff herein had become the owner and holder of the note and the accompanying assignment of royalties, and he was adjudged entitled to receive the sum of $395.50 as a balance due for such rents and royalties, to the exclusion of the owner in fee of said premises, to wit, the said Knickerbocker Phosphate Company.

The defendant disclaims any liability, on the theory that he has never entered into possession of the demised premises. But such occupancy is not essential to the plaintiff's right of recovery, if reasonable inference can be had from the evidence of acceptance by him of the lease thereof. Moore v. Higgins (Sup.) 5 N. Y. Supp. 895; affirmed in Wells v. Higgins, 132 N. Y. 459, 30 N. E. 861; 2 McAdam, Landl. & Ten. Supp. § 132, p. 85. This conclusion, in my opinion, the proofs in this case amply warrant, because of the fact that not only did the defendant, in October, 1896, pay taxes on the property to the amount of $325; but he, on November 4, 1896, and January 21, 1897, paid, on account of the rent, the respective sums of $325 and $4,500; and again, on April 23, 1898, pursuant to the judgment just referred to, the further sum of $395.50. It also appears that, in accordance with the directions contained in the interlocutory and final judgments in said action, the Knickerbocker Phosphate Company executed and delivered to this defendant a release or quitclaim of the demised premises from the alleged forfeiture.

Both counsel have called our attention to a decision which has since been handed down by the appellate division of the Second department upon an appeal taken from the judgment adverted to, wherein the court has affirmed the judgment with certain modifications respecting the amount due for royalties, the practical effect thereof being that the sum heretofore found to be due for royalties was insufficient; and the court directed, in case the parties did not agree upon the result, that a reference be had for the purpose of ascertaining the actual amount due therefor. Chase v. Phosphate Co., 32 App. Div. 400, 406, 407, 53 N. Y. Supp. 220. In this view, the rights of the defendant will not be prejudiced by an affirmance of the judgment in the present action, which, as seen, is brought for rent in lieu of royalty subsequently accruing.

The defendant contends, substantially, that in the case brought for relief from forfeiture there may be a direction by the court for the payment of a sum for royalties, due antecedent to the rent here sought, in excess possibly of that due upon the note and interest, in the event of the payment of which to the party or parties adjudged to be entitled thereto, the plaintiff in the present action would be without standing, and that a right of recovery of the rent in suit would be vested only in the owner of the fee. But as such action is of an equitable nature, where such relief only is administered as the nature of the case and the facts as they exist at the close of the litigation demand (Peck v. Goodberlett, 109 N. Y. 180, 189, 16 N. E. 350; Pond v. Harwood, 139 N. Y. 111, 120, 34 N. E. 768; Dammert v. Osborn, 140 N. Y. 30, 43, 44, 35 N. E. 407), the court has ample power to give such further directions with respect to the claim of the plaintiff upon the arrears of royalties as the justice of the case may require.

As we are satisfied, from a careful consideration of the record, that the decision of the justice was in all respects correct, the judgment shall be affirmed, with costs. All concur.